## No. 988.

### J. B. RUTLAND, TUTOR AND ADMINISTRATOR, VS. R. G. COBB.

#### Value and settlement of Counsel fees.

APPEAL from the Fifth Judicial District Court, parish of Ouachita. *Richardson*, J.

Boatner & Liddell, for Plaintiff and Appellee, cited :
4 An. 578 ; 11 An. 637 ; 3 An. 90; 2 Rob. 404; 3 An. 518; 21 An. 689 ; 27 An. 467.

Cobb & Gunby, for Defendant and Appellant, cited :
31 An. 130 ; 30 An. 363.

The opinion of the Court was delivered by
LEVY, J. Plaintiff brings this suit to recover from defendant the

sum of three thousand two hundred and thirty-four dollars and seventy-six cents, alleged to have been collected by defendant, in his capacity as attorney, and to belong to the estate of John J. Hasby and his minor and other heirs, and which sum has not been paid over by defendant. The answer alleges that the suit was maliciously brought for the purpose of defaming and injuring defendant in his business as an attorney-at-law ; that defendant has rendered important services to plaintiffs, which were well worth four thousand dollars ; and he pleads in reconvention the difference between the amount he is sued for and the amount he claims as a fee.

The defendant is an attorney-at-law ; he was consulted with and engaged by plaintiff to represent the minor heirs and the major heir, J. J. Hasby, since deceased, and represented by Rutland as administrator, in all matters necessary to establish their legal rights and obtain their respective shares in the succession of David Hasby, deceased. Thus, acting as the attorney of plaintiff, defendant collected a certain note belonging to the administrator, in his said capacity, amounting to six thousand four hundred and sixty-nine 62-100 dollars. Of this amount he paid to the administrator $3234 76, and retained in his hands the balance of $3234 86, the whole of which balance is claimed by plaintiffs in this suit, without giving the defendant any credit whatever.

Defendant in his answer claims $4000 as being due to him as fees for his professional services rendered to plaintiffs, and asks for judgment in his favor for the difference ($765 14) between the amount ($3234 86) retained by him, and the amount claimed as due him for fees ($4000.) There was judgment in the lower court in favor of the plaintiffs for the sum of $3234 86, and sustaining the reconventional demand of defendant to the extent of $3000. This judgment in favor of plaintiffs to be compensated by that in favor of defendant for $3000, *pro tanto*, and the balance in favor of plaintiff, viz.: $234 86, to bear interest at five per cent from the 12th of April, 1878. Defendant has appealed from the judgment of the court a qua.

Plaintiff has filed a motion in this Court asking that the judgment of the lower court be amended so as to give him judgment against the defendant for the sum of $1234, instead of the amount allowed by the decree appealed from. This is a practical admission or fixing of defendant's fees at $2000.

We have carefully reviewed the evidence on the subject of the value of the professional services of the defendant, and the record showing the extent and variety of those services, and the professional labor incident to them. This satisfies us that the services of the attorney were ably, faithfully, zealously, and laboriously rendered, and inured greatly to the benefit of the plaintiffs. We find nothing to convince us

Rutland vs. Cobb.

that there was any stipulation as to the fee to be received, and we can well understand how the defendant, believing himself entitled to the renumeration which he claims, .retained the balance of $3234 86 to be imputed thereto.

In view, however, of the amount involved and ultimately realized by the plaintiffs, and to some extent appreciating the fee proportionately to the amount recovered or received by plaintiffs, we regard the amount allowed by the lower court as substantially fair and just to all parties, and are unwilling to disturb the judgment.

The judgment of the lower court is affirmed with costs.